Booth *et al. vs.* Butts.

(When the cause was called here, defendant's counsel moved to dismiss the case, because, since the filing of the bill of exceptions, Printup had been removed from his agency The motion was overruled.)

PRINTUP & FOUCHE, by O. A. LOCHRANE, for plaintiff in error: 8 Ga. R., 210, and 43d, 466; Acts of 1869, 152–3.

A. JOHNSON; W. T. WOFFORD; WILLIAM H. DABNEY; C. PEEPLES, for defendants.

---

J. A. BOOTH *et al.*, plaintiffs in error, *vs.* A. M. BUTTS, administrator, defendant in error.

(BY TWO JUDGES.)—When, on the trial of a suit founded on a debt contracted before June, 1865, in which the affidavit required by the Act of 13th of October, 1870, was duly filed, the defendant, on the calling of the cause and the announcement that both parties were ready, moved to dismiss the suit because the plaintiff had not sustained the affidavit, and the Court overruled the motion, and subsequently, on the offering

Booth *et al. vs.* Butts.

of the note in evidence, objected to the evidence on the same ground, and on the plaintiff closing his case, made no motion to non-suit, and after verdict for the plaintiff, made no motion for a new trial, but filed his bill of exceptions to the ruling of the Court in the premises:
*Held,* That the Judge committed no error to justify this Court in setting aside the verdict. 5th March, 1872.

Practice under Relief Act of 1870. Before Judge JOHN-SON. Marion Superior Court. October Term, 1871.

The necessary facts are in the head-notes.

E. H. WORRELL, CAREY J. THORNTON, by JOHN PEA-BODY, for plaintiff in error.

BLANFORD & THORNTON, for defendant.

McCAY, Judge.

The bill of exceptions in this case is founded on a misapprehension of the Act of October 13th, 1870. There is no fault in the record of the Judge. The motion to dismiss the suit on the announcement that both parties were ready, was properly refused. The question of the payment of taxes was, in the *status* of the cause, for the jury to decide under the evidence. So, the objection to the note was not well taken; it properly went to the jury as a part of the case. Had the defendant moved a non-suit, in the closing of the plaintiff's case, his motion would, doubtless, have been sustained, or had he, after the verdict, made a motion for a new trial it would probably have been granted. But this Court can only review decisions of the *Judge.* We have no power over the verdict of a jury directly. It can only come in review here by notice of some decision of the Court upon it.

Judgment affirmed.